1

HON. EDWARD F. SHEA

2

MARC ROSENBERG
LEE SMART, P.S., INC.

3

1800 One Convention Place
701 Pike Street

4

Seattle, WA  98101-3929
(206) 624-7990

5

Attorneys for Defendants

6

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON AT SPOKANE

8

EDWARD COLLINS,                         No. CV-10-324-EFS

9

       Plaintiff,                         DEFENDANT'S MEMORANDUM IN

SUPPORT OF MOTION FOR

10

   vs.                                              SUMMARY JUDGMENT

11

BISHOP, WHITE & MARSHALL,       Noted for hearing:
P.S., a Washington corporation,        March 25, 2011 at 6:30 PM

12

       Defendants.

13

14

## I. INTRODUCTION

15

    Defendant Bishop, White & Marshall, PS ("Bishop") moves to dismiss the

16

complaint of plaintiff Edward S. Collins ("Collins").  Collins asserts claims under

17

the Fair Debt Collection Practices Act ("FDCPA") and Washington's Consumer

18

Protection Act ("CPA") based on an allegation that that Bishop erred in serving

19

him with a lawsuit, as he is not the same Edward S. Collins as the one named in the

20

Complaint.  The FDCPA claim should be dismissed under the bona fide error

21

defense, provided in 15 U.S.C. § 1692k(c), where the error occurred

22

notwithstanding the maintenance of procedures reasonably adapted by Bishop to

23

avoid any such error.  The CPA claim should be dismissed where adversaries of a

24

lawyer's client cannot sue the lawyer under the CPA and where Collins cannot

25

support the elements of a CPA claim under the Hangman Ridge test.

DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT - 1
CV-10-324-EFS
Summary Judgment

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

## II. FACTS

For purposes of judicial economy, Bishop incorporates by reference the facts and evidence set forth in Defendant's Rule 56.1 Statement of Facts, the Declaration of Krista L. White, with attached exhibits, and the Declaration of Carolyn Waniczek, with attached exhibits.

## III. POINTS AND AUTHORITIES

### A.    Summary judgment standard

Summary judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Once a party has moved for summary judgment, the opposing party must point to specific facts establishing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). If the nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion. *Id*. at 322. When the moving party has carried its burden of showing that it is entitled to judgment as a matter of law, its opponent must do more than show that there is some metaphysical doubt as to material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (citations omitted). In the language of Rule 56, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial. *Id*.

DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT - 2
CV-10-324-EFS
Summary Judgment

L E E · S M A R T
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

**B.    Collins' FDCPA claims should be dismissed under the bona fide error defense.**

Due to an employee inadvertently deviating from Bishop's established procedures, Bishop served a complaint on Edward S. Collins of Spokane, Washington rather than serving the complaint on a different Edward S. Collins of Spokane, Washington.  White decl. at ¶¶ 4-11, Ex. 1-5.  The complaint was never filed.  White decl. at ¶¶ 15-16.  Based in this single fact, Collins asserts claims under 15 U.S.C. §§ 1692e(2)(A)-(B), 1692(5), 1692(f)(1), 1692g(a).

> Pursuant to § 1692k(c)'s bona fide error defense, a debt collector is not liable for its violations of the FDCPA if "the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."

*Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1176-77 (9th Cir. 2006) (quoting 15 U.S.C. § 1692k(c)).

In order to prevail on a bona fide error defense under § 1692k(c), Bishop must offer evidence to show that the alleged violation was: (1) unintentional, (2) a bona fide error, and (3) made despite the maintenance of procedures reasonably adapted to avoid the violation. *Kort v. Diversified Collection Services, Inc*., 394 F.3d 530, 537 (7th Cir. 2005).

**1.    The alleged violation was unintentional and resulted from a bona fide error notwithstanding maintenance of procedures that Bishop reasonably adapted to avoid any such error.**

A debt collector need only show that its FDCPA violation was unintentional, not that its actions were unintentional. *Kort*, 394 F.3d at 537 (citing *Nielsen v. Dickerson*, 307 F.3d 623, 641 (7th Cir.2002) (debt collector "may avail itself of the bona fide error defense because it had no intent to violate the FDCPA, although its

DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT - 3
CV-10-324-EFS
Summary Judgment

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1  actions were deliberate"); *Lewis v. ACB Bus. Servs., Inc*., 135 F.3d 389, 402 (6th

2  Cir.1998) ("The debt collector must only show that the violation was unintentional,

3  not that the communication itself was unintentional. To hold otherwise would

4  effectively negate the bona fide error defense.")).   Here, Bishop did intentionally

5  serve Edward S. Collins of Spokane, Washington; but did not intentionally serve

6  the wrong Edward S. Collins of Spokane, Washington.

7      *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 389 (D. Del. 1991), a

8  case somewhat similar to this case, was quoted with approval several times in the

9  Ninth Circuit FDCPA case *Clark v. Capital Credit & Collection Services, Inc.*, 460

10  F.3d at 1174, 1175, and 1179.   In *Beattie*, a debt collection agency, D.M.

11  Collections, Inc. ("DM"), was assigned an account and provided with information

12  provided, including the name of the debtor, the debtor's address, the debtor's

13  telephone number, and debtor's age.  In accordance with its standard practice, DM

14  generated and mailed a collection letter to *Beatie* at the address provided, but it was

15  returned with the notation "Return to Sender-Moved Left No Address."  *Id*. at 386-

16  87.   DM then called and left a message, which was returned by someone that

17  identified themselves as "Mr. Beattie," but who subsequently turned out to be the

18  father of the debtor.  *Id*. at 387.

19      Beattie later alleged that, during these calls, DM failed to include the debt

20  collection warning is the letter and calls, as required by 15 U.S.C.A. § 1692e(11).

21  *Id*. at 388.   DM offered evidence that these contacts were made by a Ms. Anne

22  Francia, an employee of DM, and offered evidence that DM maintained procedures

23  intended to ensure compliance with the FDCPA, including that: (1) employees

24  periodically attended seminars that provided training to aid them in complying

25

L E E · S M A R T

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1  with the FDCPA, were provided with editions of a Fair Debt Collection Practices
2  Act manual, (3) were provided with a three-page memorandum entitled "Statement
3  of Collection Policy for Fair Debt Collection Practices Act," and (4) had a posted
4  5" x 8" card with the applicable debt collection warning on it, and that it was
5  standard procedure at DM for employees to recite the language on the card after
6  introducing themselves when conducting collection business by telephone, and that
7  any failure to do so was unintentional. *Id*. at 389.

8  　　The *Beattie C*ourt held that clerical errors of this kind are the kinds of
9  alleged violations of the Act for which section 1692k(c) was intended to provide a
10 defense. *Id*. at 389 (citing *Bieber v. Associated Collection Serv., Inc.*, 631 F. Supp.
11 1410, 1415-16 (D.Kan.1986) (bona fide error defense available for statement by
12 collection agency employee that there was possibility that 75% of debtor's wages
13 could be garnished when the legal limit on wage garnishment was 25% where
14 employee stated that such statement if made was unintended that he was aware of
15 the 25% limit and had been educated on wage garnishment by debt collector).

16 　　Likewise, in this case, Bishop's collections team members are well trained
17 regarding the requirements of federal and state laws governing debt collection.
18 White decl. at ¶ 3.  Bishop maintains reasonable procedures at each step of a
19 collection action to prevent it from bringing suit against an incorrect individual.
20 *Id*. at ¶ 4.  These procedures are provided for in a variety of forms, including
21 manuals, checklists, and/or computer screen prompts. *Id*.  Employees that are
22 responsible for carrying out various functions in a collection action are instructed
23 in how to correctly follow these procedures.  *Id*.

24

25

DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT - 5
CV-10-324-EFS
Summary Judgment

L E E · S M A R T
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1
2
3
4
5
6
7
8
9

Bishop has a standard procedure in regard to identifying the correct individual on whom to serve an action, and it provides guidelines to its employees. *Id.* at ¶ 5, Ex. 1 [Procedures]. However, Carolyn Waniczek, a Bishop employee, deviated from Bishops standard procedure, which she was taught. *Id. See also* Waniczek declaration. This led to an unintentional error notwithstanding Bishop's maintenance of procedures reasonably adapted to avoid this situation. *Id.* When a collection letter came back as undeliverable, *id.* at ¶¶ 6-7, Ex. 2, one employee updated the account by adding the correct apartment number, and the collection letter did not return when it was resent. *Id.* at ¶ 8, Ex. 3.

10
11
12
13
14
15
16
17
18
19
20
21

Not realizing the account had been properly updated, another employee, Ms. Waniczek, conducted an additional automated postal trace which also showed the original address to be a bad address. She then conducted a 411.com search which provided that only address for Edward S. Collins was 2224 W Mallon Ave Spokane, WA. 99201-1658. *Id.* at ¶ 9, Ex. 4; Waniczek declaration. Ms. Waniczek had been trained by Bishop in the correct method for verifying the correctness of that address, *see* Waniczek declaration, but the method used by Ms. Waniczek in this one instance deviated from Bishop's standard procedures. *Id.* Ms. Waniczek should have, but apparently failed, to cross-reference and match the Social Security number on file, as set forth in Bishop's established procedures. *Id.*, Ex. 1. This resulted in the wrong Edward S. Collins being served.

22
23
24
25

"[T]he FDCPA does not require debt collectors to take every conceivable precaution to avoid errors, but only requires reasonable procedures." *Cross v. Risk Mgmt. Alternatives, Inc.*, 374 F. Supp. 2d 649, 652 (N.D. Ill. 2005). By a preponderance of the evidence, it can be seen that the violation at issue here was

DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT - 6
CV-10-324-EFS
Summary Judgment

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures that Bishop had reasonably adapted to avoid any such error. As such, the bona fide error defense applies, and the FDCPA claim alleged by Collins should be dismissed. *See also Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1031 (6th Cir.1992)(finding that a collection letter mailed shortly after receiving consumer's cease and desist communication letter constituted a bona fide error because defendant debt collector introduced employee's procedural manual and two employee affidavits, which showed that the error was at most a clerical error); *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 401-02 (6th Cir.1998)(defendant debt collector's procedure manual and computer system were adequate to establish a bona fide error defense because the alleged violation arose from a clerical error by the creditor-client, not the defendant debt collector).

### 2. Any events occurring after Collins retained counsel are not actionable under the FDCPA.

A representation made to a debtor's lawyer, and not directly to a debtor, is not actionable under the FDCPA. *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 935 (9th Cir. 2007). "The purpose of the FDCPA is to protect vulnerable and unsophisticated debtors from abuse, harassment, and deceptive collection practices." *Id.* at 938. "When an individual is represented by counsel who fields all communications relevant to the debt collection, these concerns quickly evaporate." *Id.* at 939. "Attorneys possess exactly the degree of sophistication and legal wherewithal that individual debtors do not." *Id.* "We merely hold that when the debt collector ceases contact with the debtor, and instead communicates exclusively with an attorney hired to represent the debtor in the matter, the Act's strictures no longer apply to those communications." *Id.*

DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT - 7
CV-10-324-EFS
Summary Judgment

L E E · S M A R T
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Under *Guerrero*, it is clear that the FDCPA only applies to communications that occur prior to a debtor being represented by counsel. Although there may be grounds for other causes of action once legal representation has commenced, the FDCPA does not apply once a debtor has legal representation. Therefore, the only facts upon which liability can apply in this case under the FDCPA relate to events that occurred prior to Mr. Collins obtaining counsel.

3. **The burden shifts to Collins to show that Bishop acted intentionally and failed to maintain procedures reasonably adapted to avoid the error at issue.**

When a party moves for summary judgment based on a bona fide error defense, and has carried its burden under Rule 56(c), the non-movant must do more than simply show there is some metaphysical doubt as to the material facts. *Beattie*, 754 F. Supp. at 390 (quoting *Matsushita*, 475 U.S. at 586). The non-moving party must produce more than a mere scintilla of evidence to successfully oppose summary judgment. *Id.* Once a defendant offers evidence that it was unaware of the violation, the burden shifts to the plaintiff to show that the defendant was acting intentionally. *Jenkins v. Union Corp.*, 999 F. Supp. 1120, 1140 (N.D. Ill. 1998) (citing *Jenkins v. Heintz*, 124 F.3d 824, 831 (7th Cir. 1997)). To fulfill his burden, Collins must present evidence creating a reasonable inference, not a mere possibility of intent. *Id.* A court is not required to draw every conceivable inference in Collins' favor, only those that are reasonable. *Bartman v. Allis-Chalmers Corp.*, 799 F.2d 311, 312-13 (7th Cir. 1986).

Here, Bishop is not aware of any evidence that would suggest that Bishop acted intentionally and failed to maintain procedures reasonably adapted to avoid the error at issue. In fact, as stated, it can be seen by a preponderance of the

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 8
CV-10-324-EFS
Summary Judgment

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1
2
3
4

evidence that the alleged violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures that Bishop had reasonably adapted to avoid any such error. As such, the bona fide error defense applies, and the FDCPA claim alleged by Collins should be dismissed.

5
6

**C.    Under Washington law, adversaries of a lawyer's client cannot sue the lawyer under the CPA, and litigation privilege applies.**

7
8
9
10
11
12
13
14
15
16

Under Washington law, adversaries of a lawyer's client cannot sue the lawyer under the CPA. *Jeckle v. Crotty*, 120 Wn. App. 374, 383-85, 85 P.3d 931 (2004).[1] In *Jeckle*, the Washington court of appeals adopted the reasoning of a line of cases from Connecticut, which held that allowing a plaintiff to sue his or her adversary's attorney under a consumer theory infringes on the attorney-client relationship. *Jeckle* at 384. The *Jeckle* court cited a case where the Connecticut court ruled that a consumer protection action did not lie in a case involving an attorney's execution of a judgment against the plaintiff. *Suffield Dev. Assocs. v. Nat'l Loan Investors, L.P.*, 260 Conn. 766,781-82, 802 A.2d 44 (2002). In addition, the court set forth a quote from an earlier Connecticut case:

17
18
19
20

> Providing a private cause of action … to a supposedly aggrieved party for the actions of his or her opponent's attorney would stand the attorney-client relationship on its head and would compromise an attorney's duty of undivided loyalty to his or her client and thwart the exercise of the attorney's independent professional judgment on his or her client's behalf

21
22

*Id.* at 384-85 (quoting *Jackson v. R.G. Whipple*, 225 Conn. 705, 727, 627 A.2d 374 (1993)).

23
24

Collins cannot maintain a CPA claim against Bishop, as the firm acted as counsel for his adversary, Bank of America. His CPA claim should be dismissed.

25

---

[1] Reversed on other grounds and remanded by 158 Wn.2d 375, 144 P.3d 301 (2006).

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1    The litigation privilege, recognized by *McNeal v. Allen*, 95 Wn.2d 265, 267,

2  621 P.2d 1285 (1980), also protects attorneys and law firms from liability if its

3  statements are made in the course of a judicial proceeding and if they are pertinent

4  or material to the redress or relief sought. *Id.*  This doctrine extends to other torts,

5  including interference with a business relationship, outrage, infliction of emotional

6  distress, and civil conspiracy. *Jeckle*, 120 Wn. App. at 386.  The *Jeckle* court

7  reasoned that the "privilege of attorneys is based upon a public policy of securing

8  to them as officers of the court the utmost freedom in their efforts to secure justice

9  for their clients." *Id*.

10      Legislatures in debate, judges and attorneys in preparation or trial of cases
         and executive or military personnel, when within the duties of their offices,
11       are frequently cited examples. In such situations the utterances or
         publications of such individuals, even though false or malicious, are
12       protected.

13  *Twelker v. Shannon & Wilson*, 88 Wn.2d 473, 476, 564 P.2d 1131 (1977).[2]

14

15      "[T]he scope of absolute privilege has traditionally been limited to situations

16  in which authorities have the power to discipline as well as strike from the record

17  statements which exceed the bounds of permissible conduct."   *Twelker*, 88 Wn.2d

18  at 467.  Where the absolute immunity doctrine applies, it justifies dismissal of an

19  action. *Bruce v. Byrne-Stevens & Assocs. Eng'rs, Inc.*, 113 Wn.2d 123, 125, 776

20  P.2d 666 (1989).  *See also, McNeal v. Allen*, 95 Wn.2d 265, 267, 621 P.2d 1285

21  (1980); *Imbler v. Pachtman*, 424 U.S. 409, 426, n23, 96 S. Ct. 984, 47 L. Ed. 2d

22  128 (1976).

23      Here, Collins alleges that Bishop should be held liable under the Consumer

24  Protection Act because, while representing a client in litigation, it mistakenly

25
    _____

      [2] Bishop notes that it is aware that this state immunity does not necessarily apply to the FDCPA, and has therefore not
    made this argument in regard to that claim.

DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT - 10
CV-10-324-EFS
Summary Judgment

L E E · S M A R T
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

served him with a complaint. The CPA claim should therefore be dismissed both under *Jeckle* and under Washington's immunity doctrine.

**D.    Collins's claim under Washington's Consumer Protection Act fails under the *Hangman Ridge* test where there is no damage to his business or property.**

To establish a CPA violation, the plaintiff must prove five elements: (1) an unfair or deceptive act or practice that (2) occurs in trade or commerce, (3) impacts the public interest, (4) and causes injury to the plaintiff in her business or property, and (5) the injury is causally linked to the unfair or deceptive act. *Michael v. Mosquera-Lacy*, 165 Wash. 2d 595, 602, 200 P.3d 695, 698-99 (2009) (citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780, 719 P.2d 531 (1986)). *See also Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1065 (9th Cir. 2009). Failure to meet any one of these elements under the CPA is fatal to the claim. *Id.*

**1.    Bishop did not engage in an unfair or deceptive practice as contemplated by the CPA.**

Collins fails the first element of the CPA where Bishop did not engage in an unfair or deceptive practice as contemplated by the CPA. "Whether a particular action gives rise to a violation of the CPA is reviewable as a question of law." *Sign-O-Lite Signs, Inc. v. DeLaurenti Florists, Inc.*, 64 Wn. App. 553, 825 P.2d 714, 718 (1992).

To show an unfair or deceptive practice, a plaintiff can either show a per se violation of the statute, *Sato v. Century 21 Ocean Shores Real Estate*, 101 Wn.2d 599, 601, 681 P.2d 242 (1984); *Cordell v. Stroud*, 38 Wn. App. 861, 865, 690 P.2d 1195 (1984), or that the act in question had the capacity to deceive a substantial portion of the public. *Hangman Ridge*, 105 Wn.2d at 785. Designation as a per se

DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT - 11
CV-10-324-EFS
Summary Judgment

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

violation must be done by legislative authority and not by the judiciary. *Hangman Ridge*, 105 Wn.2d at 787.  The Legislature has not identified the act at issue in this case as being a per se violation, therefore, Collins has to show that the act in question has a capacity to deceive a substantial portion of the public.

Whether an act that has a capacity to deceive a substantial portion of the public a legal question. *Micro Enhancement Int'l v. Coopers & Lybrand*, 110 Wn. App. 412, 438, 40 P.3d 1206 (2002).   In this case, Bishop has a standard procedure, but the singular incident in this case occurred when an employee of Bishop made an inadvertent error in updating an address in the system.  This is not the kind of event that has a capacity to deceive a substantial portion of the public.

Events occurring after a lawsuit is commenced are also not "unfair" within the meaning of the CPA as a matter  of law.  *Blake v. Fed. Way Cycle Ctr.*, 40 Wn. App. 302, 312, 698 P.2d 578, 584 (1985) (they also do not fall under "trade or commerce" according to this case, as will be discussed below).  Once a lawsuit is commenced, the matter falls under the aegis of and subject to the control of the courts and, as such, it becomes a private dispute.  *Id*.

In addition, "[u]nfair or deceptive acts or practices," as that term is used in the CPA, generally includes only acts or practices which are designed to effect a sale.  *Johnston v. Benefit Management Corp.*, 85 Wn.2d 637, 643, 538 P.2d 510 (1975), modified on other grounds, *Salois v. Mutual of Omaha Ins. Co.*, 90 Wn.2d 355, 643-44, 581 P.2d 1349 (1978). Acts which are done in good faith under a reasonable interpretation of the law are not CPA violations. *Perry v. Island Sav. & Loan Assn.*, 101 Wn.2d 795, 810, 684 P.2d 1281 (1984).  Here, Collins asserts that Bishop mistakenly served him with a complaint. The serving of the complaint

DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT - 12
CV-10-324-EFS
Summary Judgment

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

constituted litigation, meaning that the act complained of was not an unfair practice. *Blake*, 40 Wn. App. at 312. The action complained of simply is not an action contemplated as giving rise to a claim under the CPA.

### 2. The alleged act occurred in litigation and not in trade or commerce, as contemplated by the CPA.

Collins fails to present the second element of a CPA claim where the condict alleged does not implicate the entrepreneurial aspects of Bishop's firm. The CPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1065 (9th Cir. 2009) (quoting RCW 19.86.020).

> "The term 'trade' as used by the Consumer Protection Act includes only the entrepreneurial or commercial aspects of professional services, not the substantive quality of services provided." *Ramos v. Arnold*, 141 Wn. App. 11, 20, 169 P.3d 482 (2007). The question is whether the claim involves entrepreneurial aspects of the practice or mere negligence claims, which are exempt from the CPA. *Short*, 103 Wn.2d at 61, 691 P.2d 163. "Claims directed at the competence of and strategies employed by a professional amount to allegations of negligence and are exempt from the Consumer Protection Act." *Ramos*, 141 Wn. App. at 20, 169 P.3d 482.

*Michael*, 165 Wn.2d at 602-03.

"The second element, 'occurring in trade or commerce,' cannot be satisfied by claims directed at the competence or strategy of an attorney." *Quinn v. Connelly*, 63 Wn. App. 733, 742, 821 P.2d 1256 (1992) (citing *Short v. Demopolis*, 103 Wn.2d 52, 61, 691 P.2d 163 (1984)). "Such claims amount to allegations of malpractice and are exempt from the Consumer Protection Act." *Id*. "Only the entrepreneurial aspects of legal practice can satisfy the "trade or commerce" requirement." *Id*. "These include 'how the price of legal services is determined,

DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT - 13
CV-10-324-EFS
Summary Judgment

**LEE · SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1    billed, and collected and the way a law firm obtains, retains, and dismisses
2    clients.'" *Id*.

3    Collins' claim relates to a mistake as to identity. The allegation amounts to
4    an allegation of malpractice and does not implicate the entrepreneurial aspects of
5    Bishop's legal practice. Therefore, Collins' claim fails for failure to support the
6    second element of the CPA claim.

### 3.    The public interest is not implicated where there is no substantial danger of repetition.

7
8    "The third element is that of a public interest showing." *Hangman Ridge*,
9    105 Wn.2d at 787. "[T]he Legislature intended that even a private plaintiff should
10   be required to show that the acts complained of affect the public interest." *Id*. at
11   788. The test for meeting the public interest showing vary depending upon
12   whether the acts were "consumer transactions" or relate to "private disputes." *Id*. at
13   789-90. "[I]t is the likelihood that additional plaintiffs have been or will be injured
14   in exactly the same fashion that changes a factual pattern from a private dispute to
15   one that affects the public interest." *Id*. at 790-791. "In particular, there must be
16   shown a real and substantial potential for repetition, as opposed to a hypothetical
17   possibility of an isolated unfair or deceptive act's being repeated." *Cordell*, 38 Wn.
18   App. at 865 (quoting *Eastlake Constr. Co. v. Hess*, 102 Wn.2d 30, 52, 686 P.2d
19   465 (1984)).
20

21   "When the transaction is a private dispute, as it is here, and not a consumer
22   transaction, it is more difficult to show public interest in the subject matter. There
23   must be a likelihood additional persons have been or will be injured in the same
24   fashion." *Goodyear Tire & Rubber Co. v. Whiteman Tire*, 86 Wn. App. 732, 745,
25   935 P.2d 628 (1997) (citing *Hangman Ridge*, 105 Wn. 2d at 790).

DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT - 14
CV-10-324-EFS
Summary Judgment

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Even if a determination is made that there is a consumer transaction rather than a private dispute, "Hangman lists a number of nonexclusive questions which should be asked to determine whether this element is met." *Travis v. Washington Horse Breeders Ass'n*, 111 Wn.2d 396, 406-407, 759 P.2d 418 (1988) (citing Hangman, at 790-91). "All five questions must be answered in the affirmative. *Travis*, 111 Wn.2d at 407.  The applicable questions are:

> (1) Were the alleged acts committed in the course of defendant's business? (2) Are the acts part of a pattern or generalized course of conduct? (3) Were repeated acts committed prior to the act involving plaintiff? (4) Is there a real and substantial potential for repetition of defendant's conduct after the act involving plaintiff? (5) If the act complained of involved a single transaction, were many consumers affected or likely to be affected by it?

*Travis*, 111 Wn.2d at 406-407 (citing Hangman, at 790).

When dealing with CPA claims such as this, courts have determined that a single, isolated transaction, which does not involve the public will not be declared as impacting the public interest.  *See Cordell*, 38 Wn. App. at 864-65.

In this case, the serving of a lawsuit does not constitute a commercial transaction as contemplated under the CPA.  No other individuals were affected by the alleged act of serving Collins with a lawsuit.  Not only is the act alleged not part of a pattern or generalized course of conduct, the act alleged occurred as a result of an inadvertent error by an employee of Bishop that, in this instance, did not follow standard protocol.  There is no real and substantial potential for repetition of defendant's conduct after the act involving Collins.  While the alleged act was committed in the course of Bishop's business, it simply does not affect the public interest as contemplated by the CPA.

DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT - 15
CV-10-324-EFS
Summary Judgment

LEE · SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1

**4.    Collins was not damaged by the act it alleges against Bishop.**

2

The fourth element of a private CPA action requires a showing that, "[a]

3

plaintiff must establish that, but for the defendant's unfair or deceptive practice, the

4

plaintiff would not have suffered an injury." *Gordon*, 575 F.3d at 1066 (quoting

5

*Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc*., 162 Wn.2d 59, 170

6

P.3d 10, 22 (2007)); RCW 19.86.090.   The injury must be to the plaintiff's

7

"business or property" so that, "[p]ersonal injuries are not compensable damages

8

under the CPA." *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp*., 122

9

Wn.2d 299, 317-18, 858 P.2d 1054 (1993) (emotional distress damages not

10

available under the CPA because the statute, by its terms, makes no mention of

11

damages other than with respect to harm to "business or property).

12

> In *Hamman v. United States*, 267 F. Supp. 420, 432 (D.C.
> Mont.1967), the court noted: " 'The term "business or property" is
> used in the ordinary sense and denotes a commercial venture or
> enterprise.' " *See also Bhan v. NME Hosps., Inc*., 669 F. Supp.
> 998, 1013 (E.D. Cal. 1987). Had the Legislature intended to
> include actions for personal injury within the coverage of the CPA,
> it would have used a less restrictive phrase than "business or
> property".

13

14

15

16

17

18

*Stevens v. Hyde Athletic Indus., Inc.*, 54 Wn. App. 366, 370, 773 P.2d 871, 872-73

19

(1989). *See also White River Estates v. Hiltbruner*, 134 Wn.2d 761, 953 P.2d 796,

20

797 n. 1 (1998); *Leingang v. Pierce County Medical Bureau*, 131 Wn.2d 133, 158,

21

930 P.2d 288 (1997) ("personal injuries, including mental pain and suffering, are

22

not compensable under the Consumer Protection Act").

23

> [A] plaintiff must suffer injury to his "business or property" in
> order to recover under the Consumer Protection Act. If he suffers
> injury other than to his "business or property", the injury is not
> compensable under the Act. The requirement of injury to "business

24

25

DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT - 16
CV-10-324-EFS
Summary Judgment

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1  2  3  4

or property" reflects RCW 19.86.090's provision of a remedy for a wide range of anti-competitive and monopolistic practices, RCW 19.86.020, 19.86.030, 19.86.040, 19.86.050, 19.86.060, as well as those "unfair or deceptive acts or practices", RCW 19.86.020, more likely to directly affect the consumer

5

*Keyes v. Bollinger*, 31 Wn. App. 286, 295, 640 P.2d 1077, 1083 (1982).

6  7  8

Bishop served Collins with a complaint that was never filed. Service of the complaint did not directly lead to any actual damages to Collins' business or property. Therefore, Collins fails to support the fourth element of a CPA action.

9

**5.    Bishop did not proximately cause damages to Collins.**

10  11  12  13  14  15  16  17  18  19  20

The fifth element is that of causation, and a causal link is required between the unfair or deceptive acts and the injury suffered by plaintiff. *Hangman Ridge*, 105 Wn.2d at 792-793.    "To establish the causation element in a CPA claim, a plaintiff must show that, but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury." *Steele v. Extendicare Health Services, Inc.*, 607 F. Supp. 2d 1226, 1232 (W.D. Wash. 2009) (quoting *Carlile v. Harbour Homes, Inc.*, 147 Wn. App. 193, 194 P.3d 280, 290 (2008) (citing *Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*, 162 Wn.2d 59, 170 P.3d 10, 22 (2007)). Bishop served on Collins a complaint that was not filed. Service of the complaint did not directly lead to any actual damages to Collins' business or property. Therefore, Collins fails to support the fourth element of a CPA action

21

**IV. CONCLUSION**

22  23  24  25

Bishop requests this Court to dismiss Collins' complaint, which is based on the allegation that Bishop erred in serving him with a complaint, as he is not the same Edward S. Collins as the Edward S. Collins named in the complaint. The FDCPA claim should be dismissed under 15 U.S.C. § 1692k(c), where the error

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 17 CV-10-324-EFS
Summary Judgment

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

occurred notwithstanding the maintenance of procedures reasonably adapted by Bishop to avoid any such error. The CPA claim should be dismissed where adversaries of a lawyer's client cannot sue the lawyer under the CPA and where Collins cannot support elements of a CPA claim under the *Hangman Ridge* test.

Respectfully submitted this February 1, 2011.

LEE SMART, P.S., INC.

By: s/ Marc Rosenberg
    Marc Rosenberg, WSBA No. 31034
    Of Attorneys for Defendant

    1800 One Convention Place,
    701 Pike Street
    Seattle, WA 98101-3929
    Phone: (206) 262-8308,
    Fax: (206) 624-5944
    Email: mr@leesmart.com

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

DECLARATION OF SERVICE

I hereby certify that on the date provided below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following individual:

Alan L. McNeil
University Legal Assistance
721 North Cincinnati Street
P.O. Box 3528
Spokane, WA 99220-3528
amcneil@lawschool.gonzaga.edu

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED February 1, 2011, at Seattle, Washington.


LEE SMART, P.S., INC.

By: s/ Marc Rosenberg
    Marc Rosenberg, WSBA No. 31034
    Of Attorneys for Defendant
    Bishop, White, Marshall & Weibel, P.S.

    1800 One Convention Place,
    701 Pike Street
    Seattle, WA 98101-3929
    Phone: (206) 262-8308,
    Fax: (206) 624-5944
    Email: mr@leesmart.com

DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT - 19
CV-10-324-EFS
Summary Judgment

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944