UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EDWARD COLLINS,<br><br>                Plaintiff,<br><br>         v.<br><br>BISHOP, WHITE & MARSHALL, P.S.,<br><br>                Defendant. | NO. CV-10-324-EFS<br><br>**PROTECTIVE ORDER** |

On June 1, 2011, the parties filed a Joint Motion for Entry of Protective Order, ECF No. 28. Based upon the parties' stipulation, **IT IS HEREBY ORDERED**: the parties' Joint Motion for Entry of Protective Order, **ECF No. 28**, is **GRANTED**.

The following protective order is **HEREBY ENTERED:**

1. When used in this Order, the word "documents" means all written, recorded electronic or graphic matter whatsoever, however created and whatever the medium on which it was produced or reproduced.

2. "Confidential information," as used herein, means:

   (a) (i) information containing or constituting proprietary or confidential business information technical know-how, and/or trade secrets, or any other information which, at the time the information is requested, is maintained in confidence; or (ii) financial, personnel, and personal information contained in employee files; and/or (iii)

ORDER * 1

Plaintiff's private or sensitive health or medical information, including but not limited to information relating to counseling or psychiatric treatment; and

(b) that is produced or disclosed in response to interrogatories, requests for production or documents or tangible things, subpoenas, questioning at depositions or other testimony, or otherwise in connection with responses to demands for discovery; and

(c) that is designated and clearly marked as "Confidential" to (and in accordance with) this Stipulation and Protective Order. In designating information as "Confidential", a party will make such designation only as to that information that in good faith it believes contains confidential information entitled to the disclosure limitations provided by this Protective Order.

3.  The parties and their counsel shall not disclose, disseminate, or use the confidential information provided to them for any purpose other than this lawsuit, related court actions involving the same parties, or any appeals.

4.  The confidential information produced under this Stipulated Protective Order may be reviewed only by:

(a) the parties;

(b) the attorneys in this case for the party receiving the information and their staff or contract support personnel including but not limited to secretaries, legal assistants, paralegals, and legal copy services;

(c) court reporters and other persons assisting or working with counsel in connection with depositions, and in that event the court

ORDER * 2

reporter may be asked to designate the deposition exhibit or that portion of the transcript as confidential;

    (d) experts retained by the parties as consulting experts or testifying experts;

    (e) persons employed or retained by a party who are assisting or working with counsel for that party in connection with the prosecution or defense against claims in this case.

    As to the parties and their counsel, they will be bound by and will honor all conditions and provisions of this Stipulation and Protective Order. They will provide the persons, described in (d) and (e), with a copy of this Stipulation and Protective Order and require them to agree to comply with its terms and have them sign Exhibit A, attached, Agreement to Be Bound by Protective Order. Any confidential document may be raised or discussed in the courtroom subject to such rulings as the Court may direct regarding such documents.

    5. Any person not listed in paragraph 4 is precluded from access to the confidential information. The parties, their counsel, and the other individuals identified in paragraph 4 who receive confidential information are precluded from sharing the substance or content of the confidential information with any other individuals or entities.

    6. Designations of information as "Confidential" shall be made as follows:

    (a) In the case of documents produced by a party, or in a party's written responses to discovery requests, by conspicuously stamping each page containing such information with the appropriate designation.

ORDER * 3

      (b) In the case of documents produced by non-parties, by providing a notice in writing to all other parties so identifying such documents within ten (10) business days after receiving copies of such produced documents.

      (c) In the case of deposition testimony, by a statement on the record at or reasonably near the time of such testimony.  A party may also designate deposition testimony as "Confidential" within ten (10) days of receipt of the written transcript of such testimony.

      (d) In producing original files and records for inspection, no marking need be made by the producing party in advance of the inspection.  Thereafter, upon selection of specified documents for copying by the inspection party, the producing party shall mark as "Confidential" the copies of such documents as may contain confidential information at the time the copies are produced to the inspecting party.

      (e) Subject to the future terms of any formal agreement between the parties concerning the reasonable scope and parameters of electronic discovery and to the extent such information exists, in producing non-paper media (e.g., audiotape, computer disks, devices, etc.), the outside of the medium or its container, if any, shall be conspicuously marked with the proper designation.  Documents on non-paper media shall be marked with manual or electronically-applied "Confidential" designations.

      (f) A non-party may claim the protection of this Protective Order for Confidential Information that it provides pursuant to discovery demands in this action by designating such information in accordance with the provisions of this Paragraph of this Protective Order.

ORDER * 4

7. Except as provided in this paragraph, the confidential information shall not be filed by the parties as public record with the court, unless eight (8) days advance notice is given to the designating party's counsel. Failure to file a motion to file documents under seal by the party that designated the documents as confidential shall not operate to waive any part of this Order.

8. Nothing in this Stipulated Protective Order shall prejudice or preclude any party from applying to the court for additional or different protective relief in respect of the confidential information, should the need arise during this litigation, nor shall anything in this Stipulated Protective Order preclude or prevent any party from seeking relief from the court pursuant to the terms of this Protective Order or in respect of other discovery requests. This Protective Order does not affect or alter a party's rights to refuse to produce information properly subject to the attorney-client privilege or attorney work-product doctrine, or otherwise object to, and seek relief from, another party's discovery requests.

9. Nothing herein shall prevent disclosure beyond the terms of this Order if each party designating the information as "Confidential" consents to such disclosure.

10. A party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

11. The provisions of this Order shall not terminate at the conclusion of this litigation. The confidential information shall be destroyed or returned to counsel for the party providing it within a

ORDER * 5

reasonable time following completion of this lawsuit, including any appellate review.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and distribute copies to counsel.

**DATED** this ___3rd___ day of June 2011.


                              S/ Edward F. Shea
                               EDWARD F. SHEA
                         United States District Judge

ORDER * 6

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

The undersigned, _____ (print or type name), in connection with the above-captioned lawsuit, filed under Cause No. CV-10-324-EFS in U.S. District Court for the Eastern District of Washington, acknowledges that he or she has received a copy of the Protective Order entered in that action, which is attached hereto, has read the order, understands it, and agrees to be bound by all of the provisions thereof.

**DATED:** _____ _____(Signature)

ORDER * 7